1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REIGH C. ELLIS,

            Petitioner,

     v.

RICK HILL,[1]

            Respondent.

No.  2:13-cv-2339-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

     Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as untimely.  ECF No. 14.  For the following reasons, the motion must be granted.

**I.     Background**

     On April 4, 2003, petitioner pled no contest to second degree murder and was sentenced to an indeterminate state prison term of fifteen years to life.  ECF No. 18, Notice of Lodging Document in Paper ("Lodg. Docs."), Doc. 1 (Abstract of Judgment from Butte County Superior Court).  Petitioner appealed and the California Court of Appeal affirmed the judgment.  Lodg.

---

[1] Petitioner named Terry McDonald as respondent.  ECF No. 1.  The correct respondent is the Warden of Folsom State Prison, where petitioner is presently incarcerated.  *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing Habeas Corpus Cases Under § 2254) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition"); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).  Accordingly, pursuant to Fed. R. Civ. P. 25(d), Warden Rick Hill is substituted in place of McDonald as the respondent in this action.

1  Doc. 2.  Petitioner filed a petition for review in the California Supreme Court, which denied the

2  petition on January 12, 2005.  Lodg. Docs. 3-4.

3        Petitioner subsequently filed nine state habeas petitions and one federal habeas

4  application.  He filed his first state petition in Butte County Superior Court on November 30,

5  2005.[2]  Lodg. Doc. 5.  That petition was denied the same day.  Lodg. Doc. 6.  He filed a second

6  state petition in the California Court of Appeal on March 8, 2006.  Lodg. Doc. 7.  That petition

7  was denied on March 16, 2006.  Lodg. Doc. 8.  Petitioner filed a federal habeas application on

8  April 6, 2006.  Lodg. Doc. 21.  On March 1, 2010, the court dismissed the application without

9  prejudice pursuant to petitioner's notice of voluntary dismissal.  *Id.*  Petitioner filed his third state

10  petition in the California Supreme Court on April 17, 2007.  Lodg. Doc. 9.  That petition was

11  denied November 28, 2007.  Lodg. Doc. 10.  Petitioner filed six additional state petitions between

12  December 5, 2008, and June 27, 2013, each of which was denied.[3]  Lodg. Docs. 11-20.

13        Petitioner filed the present petition on November 3, 2013.  ECF No. 1.

14  **II.**    **The Limitations Period**

15        Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year

16  limitations period for seeking federal habeas relief begins to run from the latest of:  (1) the date

17  the judgment became final on direct review (or April 25, 1996, if the judgment became final prior

18  to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed,

19  (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases

20  on collateral review, or (4) the date on which the factual predicate of a claim could have been

---

21      [2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas

22  petitions to be the date reflected on the certificate of service for the respective petitions.  *See*

23  *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on
the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809,
814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other*

24  *grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

25      Since petitioner did not date his first state petition nor attach a certificate of service, the
court will utilize the date the petition was received by the superior court.

26      [3] Respondent represents that the fourth state petition was filed on December 5, 2008 and

27  denied December 12, 2008.  *See* ECF No. 14 at 3.  Respondent, however, has not submitted a
copy of the petition or the order of denial.  Accordingly, there is nothing in the record to support

28  application of the mailbox rule to this petition.

1  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v.*

2  *Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

3      **A.      Statutory Tolling**

4      No statute tolls the limitations period "from the time a final decision is issued on direct

5  state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183

6  F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction

7  application prior to the expiration of the limitations period, the period is tolled and remains tolled

8  for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is

9  'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

10  rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed

11  post-conviction application is "pending" during the intervals between a lower court decision and

12  the filing of a new petition in a higher court if the second petition was filed within a "reasonable

13  time" after the denial of the first.  *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay,*

14  692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir.

15  2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the

16  Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement,"

17  and are, without adequate explanation, unreasonable under California law).  A federal habeas

18  application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82

19  (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v.*

20  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

21      **B.      Equitable Tolling and the Equitable Exception for Innocence**

22      The limitations period may also be equitably tolled where a habeas petitioner establishes

23  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24  circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 130

25  S. Ct. 2549, 2554, 2562 (2010).  Petitioner has the burden of showing facts entitling him to

26  equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292

27  F.3d 1063, 1065 (9th Cir. 2002).  The threshold necessary to trigger equitable tolling is very high,

28  "lest the exceptions swallow the rule."  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th

1   Cir. 2009).  Equitable tolling may be applied only where a petitioner shows that some external

2   force caused the untimeliness.  *Id.*

3       In addition, the statute of limitations is subject to an actual innocence exception.[4]  A

4   petitioner may have his untimely filed case heard on the merits if he can persuade the district

5   court that it is more likely than not that no reasonable juror would have convicted him.

6   *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d

7   929, 937 (9th Cir. 2011) (en banc).  "Unexplained delay in presenting new evidence bears on the

8   determination whether the petitioner has made the requisite showing."  *McQuiggin*, 133 S. Ct. at

9   1935.  For example, the "court may consider how the timing of the submission and the likely

10  credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence.

11  *Id.*

12      **III.    Analysis**

13      In his opposition to respondent's motion to dismiss, petitioner suggests that the one-year

14  limitations period began on March 21, 2012, when the United States Supreme Court allegedly

15  announced a new rule retroactively applicable to cases on collateral review in *Missouri v. Frye*,

16  132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  ECF No. 17 at 2.  The U.S.

17  Court of Appeals for the Ninth Circuit, however, has directly addressed and unequivocally

18  rejected the premise that either *Frye* or *Lafler* announced a new rule of law.  *See Buenrostro v.*

19  *United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("neither *Frye* nor *Lafler* . . . decided a new

20  rule of constitutional law").

21      Contrary to petitioner's suggestion, the limitations period began when his conviction

22  became final by the expiration of the time for seeking direct review.  *See* 28 U.S.C.

23  § 2244(d)(1)(A).  The California Supreme Court denied review on January 12, 2005.  Thus, the

24  conviction became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a

25  petition for writ of certiorari expired ninety days later, on April 12, 2005.  Supreme Ct. R. 13;

26  ———————————

27      [4] This exception is also known variably as the "miscarriage of justice" exception and the
    "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court
    held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a

28  determination on the merits of his petition if he made the requisite showing of actual innocence.

*Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The one-year limitations period commenced the following day.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until April 12, 2006, to file his federal habeas petition.  However, he did not file the instant petition until November 3, 2013.  Absent tolling, his application in this court is more than seven years late.

The parties do not dispute that petitioner properly filed his first state petition on November 30, 2005, 231 days into the limitations period.  *See Nino*, 183 F.3d 1006.  By properly filing the petition, petitioner tolled the limitations period for the one day it was pending in state court.  28 U.S.C. § 2244(d)(2).

Petitioner filed his second state petition on March 8, 2006, 103 days after the denial of his first state petition.  Because an unexplained delay of 103 days would not be considered reasonable under California law, the limitations period was not tolled for the period between the denial of the first state petition and the filing of the second state position.  *See Velasquez*, 639 F.3d at 968.  However, the limitations period was tolled for the nine days that petitioner's second state petition was pending in the California Court of Appeal.  *See* 28 U.S.C. § 2244(d)(2).

Thus, petitioner tolled the limitations period for a total of ten days and therefore had until April 22, 2006, to file a federal habeas petition.  *Id.*  The federal application that petitioner filed on April 10, 2006, did not toll the limitations period.  *See Duncan*, 533 U.S. at 167.

Petitioner did not file his third state petition until April 17, 2007—nearly one year after the expiration of the limitations period.  Because petitioner submitted his third and all subsequent state petitions after the expiration of the limitations period, those petitions did not extend the limitations period.  *See Ferguson*, 321 F.3d 823.  Even with the statutory tolling of ten days, petitioner's application in this court is more than seven years late.

Petitioner does not argue he is entitled to tolling on any other basis.  *See* ECF No. 17.

## IV.    Recommendation

For the reasons stated above, it is hereby RECOMMENDED that:

1.    Respondent's March 14, 2014 motion to dismiss (ECF No. 14) be granted;

/////

5

2.  This action be dismissed with prejudice as barred by the limitations period contained
    in 28 U.S.C. § 2244(d)(1)(A)-(D); and

3.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  May 12, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6